**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:18-cv -2105-

OCHSNER ENTERPRISES, INC. d/b/a  ROMAK, INC.,
and NORTH WEST ROOFING,

Plaintiffs,

v.

OHIO SECURITY INSURANCE COMPANY,

Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Ohio Security Insurance Company ("Defendant"), by and through its

undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441

and 1446, hereby gives notice of the removal of this action from the District Court, El Paso

County, State of Colorado, to the United States District Court for the District of Colorado.  In

support of said removal, Defendant states as follows:

### INTRODUCTION

1.      On July 27, 2018, Plaintiffs initiated this action by filing their Complaint in the

District Court, El Paso County, State of Colorado, Case No. 18CV31877 ("State Action").  *See*

Plaintiffs' Complaint attached as **Exhibit A.**

2.      Plaintiffs' Complaint asserts three claims for relief against Defendant, including a

First Claim for Relief for Breach of Contract, a Second Claim for Relief  for Bad Faith Claim –

105796264_1

Breach of Contract, and a Third Claim for Improper Denial of Claims and Remedies for the

Unreasonable Delay or Denial of Benefits.

3.        This action arises out of Plaintiffs' demand for first-party property insurance

coverage as a result of a severe weather-related event that reportedly occurred on July 27, 2016

at the property located at 3052 Delta Drive, Colorado Springs, Colorado 80910.

<b><u>COMPLIANCE WITH THE RULES</u></b>

4.        All procedural requirements related to the removal of this action have been

satisfied.

5.        On July 27, 2018, Plaintiffs served Defendant via the Colorado Commissioner of

Insurance with a copy of Plaintiffs' Complaint.

6.        This Notice of Removal is filed within thirty (30) days of the receipt by

Defendant of the Summons and Complaint and is, therefore, timely pursuant to 24 U.S.C.

§§ 1441 and 1446(b).

7.        Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of

State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This includes a

true and correct copy of the state court docket, which includes all state court pleadings, motions

and other papers known to have been served on Defendant.

8.        Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiffs' Complaint

(**Exhibit A**) and written confirmation of service from the Colorado Division of Insurance

(**Exhibit B**) are attached to this Notice of Removal**.**

9.        Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served

upon counsel for Plaintiffs.

10.     Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice

of Removal in the pending State Action, Case No. 18CV31877, El Paso County District Court,

State of Colorado.  A copy of the Notice of Filing of Notice of Removal is attached hereto as

**Exhibit C**.

11.     Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions

are pending, nor has any trial been set in the State Action.

12.     Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at

the time prescribed therein, and specifically reserves its right to assert all defenses, including

those defenses under Fed.R.Civ.P. 12(b).

13.     Venue is proper in the District of Colorado because this District embraces the

location where the State Action is pending.  *See* 28 U.S.C. § 1446(c).

**DIVERSITY JURISDICTION**

14.     Plaintiffs' Complaint asserts claims over which this Court has jurisdiction

pursuant to 28 U.S.C. § 1332 because: (a) the parties are citizens of different states, and (b) the

amount in controversy exceeds $75,000.

**A.      THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

15.     According to the records of the Colorado Secretary of State, Plaintiff Ochsner

Enterprises, Inc. is a Colorado corporation that maintains its principal place of business in El

Paso County, Colorado.  *See* **Exhibit D**.  Further, Romak, Inc. is a past d/b/a of Plaintiff Ochsner

Enterprises, Inc.  *See* **Exhibit E**.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to

be a citizen of every State and foreign state by which it has been incorporated and of the State or

foreign state where it has its principal place of business…").

16.     According to the records of the Colorado Secretary of State, Plaintiff North West Roofing is a registered trade name of Northwestern Builders, Inc., which is a Colorado corporation that maintains its principal place of business in Denver, Colorado.  *See* **Exhibits F and G.**  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

17.     Defendant Ohio Security Insurance Company is a citizen of the State of New Hampshire and the State of Massachusetts.  Defendant is incorporated under the laws of the State of New Hampshire and maintains its principal place of business in Boston, Massachusetts.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

18.     For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

19.     While not waiving Defendant's right to contest the issue, Plaintiffs seek a monetary judgment in excess of $75,000, exclusive of interest and costs.

22.     In their Complaint, Plaintiffs allege principal damages of $129,111.67.  *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 14.  *See also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).  Further, in their Complaint, Plaintiffs demand payment of "the two times the amount of any covered benefits and reasonable attorney's fees and court costs."  *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* No. 10-cv-02544-CMA-MEH, 2010 WL 5129536, *4 (D. Colo. 2010)(the amount in controversy was satisfied when the

plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* No. 12-cv-02229-REB-KLM, 2013 WL 1412327 (D.Colo. 2013)(finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

23.     The fact that the amount in controversy exceeds $75,000 is further confirmed by the terms of Plaintiffs' counsel's May 11, 2017 pre-suit settlement demand of $784,781.69.  *See* **Exhibit H**, p. 5 of 7.  *See also McPhail v. Deere & Company*, 529 F.3d at 954.

24.     Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Ohio Security Insurance Company requests that the action now pending in the El Paso County District Court, Case No. 18CV31877, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 17th day of August, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Brian J. Spano*
Brian J. Spano, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
Phone:  (303) 623-9000
E-mail:  bspano@lrrc.com

*Attorneys for Defendant*
*Ohio Security Insurance Company*

- 6 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of August 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Christopher C.R. Sidebottom, Esq.
The Law Office of Christopher Sidebottom
301 Newark Street, Aurora, CO 80010
Phone:  (720) 505-4057
E-mail: Christopher.cr.sidebottom@gmail.com

*s/ Brian J. Spano*
Brian J. Spano, Esq.